IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JASON JAY MEHAFFY ) | |
| SHAWNA MARIE MEHAFFY ) | Bankruptcy No. 04-04762 |
| ) | |
| Debtors. ) | |

**ORDER RE APPLICATION FOR ORDER FOR
RULE TO SHOW CAUSE INVOLVING
MISTER MONEY OF CEDAR RAPIDS #09**

On March 22, 2005, the above-captioned matter came on for hearing on an Application for Order for Rule to Show Cause why Mister Money of Cedar Rapids #09 (Mister Money) should not be sanctioned for violation of the automatic stay. Debtors appeared in person with their attorneys Ken Dolezal and Yara El-Farhan Halloush. Mister Money appeared through two of its employees, Mr. Bernard Brennan and Mr. Colt Adams. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

**STATEMENT OF THE CASE**

Chapter 7 Debtors seek to recover damages for alleged violations of the automatic stay involving Mister Money's presentment of a check signed and delivered to Mister Money prepetition.

**FINDINGS OF FACT**

On November 29, 2004, Debtor Jason Mehaffy entered into a loan transaction with Mister Money of Cedar Rapids #09 (Court's Exhibit #1). As a result of this "pay day loan", Mr. Mehaffy received $400 in cash. He gave Mister Money a post-dated check, due December 11, 2004, in the amount of $450. Debtors first met with their attorneys on November 30, 2004 and filed their joint Chapter 7 petition on December 10, 2004. On the day of the filing of the petition, Mr. Ken Dolezal, in his capacity as attorney for Debtors, personally telephoned Mister Money and notified them that Debtors had filed a Chapter 7 petition.

The check written by Mr. Mehaffy and in the possession of Mister Money was deposited for payment on December 11, 2004. The check was cashed and Debtors' account was debited on December 14, 2004.  This was four days after the filing of the Debtors petition and prior to the entry of discharge.  The check presented by Mister Money in the amount of $450 cleared Debtors' account.  However, because of the debit to the account, subsequent checks were dishonored.  Thereafter, Mr. Dolezal wrote a letter to Mister Money seeking a return of the $450.  Debtors received no followup from Mister Money and the pending application for rule to show cause was filed by Debtors on February 23, 2005.

## CONCLUSIONS OF LAW

1.   A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362.  All voluntary cases are included in § 301.  The § 362 automatic stay "is among the most basic of debtor protections under bankruptcy law."  In re Vierkant, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999).  It prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case."  11 U.S.C. § 362(a)(6).  The scope of the automatic stay is extremely broad.  Vierkant, 240 B.R. at 321.

2.   Certain enumerated exceptions exist to enforcement of the automatic stay.  The Bankruptcy Code provides under 11 U.S.C. § 362(b):

> (b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay –
>
> . . .
>
> (11) under subsection (a) of this section, of the presentment of a negotiable instrument and the giving of notice of and protesting dishonor of such an instrument.

11 U.S.C. § 362(b)(11).

3.   The term "presentment" is not defined in the Bankruptcy Code and courts look to state law for its proper

2

application.  <u>In re Thomas</u>, 317 B.R. 776, 778 (B.A.P. 8th Cir. 2004).

    4.   The Bankruptcy Code also provides:

> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h).

    5.   The Iowa Code provides that:

> 1. "Presentment" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

Iowa Code sec. 554.3501.

    6.   The Iowa Code also provides that:

> 1. Except as stated in subsection 2, the right to enforce the obligation of a party to pay an instrument is subject to the following:
>
>    a.   a defense of the obligor based on
>
>     . . .
>
>     (iv) discharge of the obligor in insolvency proceedings;

Iowa Code sec. 554.3305.

    7.   The Bankruptcy Code provides that:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate --

  (1) that occurs after the commencement of the
case; and

  (2)(A) that is authorized only under section
303(f) or 542(c) of this title; or

   (B) that is not authorized under
this title or by the court.

11 U.S.C. § 549(a).

  8. If the trustee has not elected to pursue avoidance of the transfer, the debtor can do so under 11 U.S.C. § 522(h)(1) and (2).  <u>See</u> <u>Thomas</u>, 317 B.R. at 777-78.

**CONCLUSIONS**

  1. Mister Money received actual notice of the pendency to this bankruptcy.  This constitutes proper notice.  Mister Money's claims of inadequacy of notice are incorrect.  Creditors are required to follow the provision of the Bankruptcy Code relating to notice and here, Mister Money received adequate notice.

  2. An exception to the automatic stay allows Mister Money to present for payment, postpetition, the post-dated check which Debtor Jason Mehaffy had executed on November 29, 2004.  11 U.S.C. § 362(b)(11).  The presentation of the check for payment prior to entry of the discharge was not barred by the automatic stay.  Therefore, Debtors are not entitled to sanctions pursuant to § 362(h).

  3. The actions of Mister Money constituted a post-petition transfer and the trustee was authorized to avoid this transfer under § 549.  In the absence of such action by the trustee, Debtors are allowed to pursue the action under §§ 522(h)(1) and (2).  Under the avoidance powers of § 549, Debtors are entitled to avoid this transfer and are entitled to be reimbursed for the amount of the transfer which was the face amount of the check.

  4. Debtors argue, correctly, that a different analysis was utilized in <u>In re Wolf</u>, No. 04-04323, slip op. at 2 (Bankr. N.D. Iowa Feb. 2, 2005).  However, the issue of application of § 362(b)(11) was not raised in <u>Wolf</u>.  The present case raises this issue as one of first impression in

4

this District.  The Court concludes the present decision is properly analyzed.

5.  During the hearing, representatives of Mister Money argued that the timing of the transaction was suspicious. Mister Money claims Debtors may have entered into this transaction knowing that they intended to discharge this obligation in bankruptcy and that the debt should be non-dischargeable.  These assertions constitute an argument for an exception to discharge under 11 U.S.C. § 523(a).  This issue is not properly before the Court at this time.

**WHEREFORE**, for the reasons stated, Debtors are not entitled to damages for violation of the automatic stay under § 362(h).

**FURTHER**, Debtors are entitled under § 549 to avoidance of the transfer of funds from Debtors' bank account to Mister Money of Cedar Rapids #09.

**FURTHER**, the amount of money subject to avoidance is the face value of the check in the amount of $450.

**FURTHER**, Mister Money's allegation of inappropriate or improper conduct by Debtors as an exception to discharge is not before the Court, and is not addressed.

**FURTHER**, based on the foregoing, judgment is entered in favor of Debtors Jason Jay Mehaffy and Shawna Marie Mehaffy and against Mister Money of Cedar Rapids #09 in the amount of $450.

Dated and Entered   April 8, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

5